## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Thomas L. Rackley, Jr.,

       Plaintiff,

    v.                                                        Case No.  1:06cv104

City of Cincinnati, *et al.*,                                   Judge Michael H. Watson

       Defendant.

### <u>ORDER</u>

     Before the Court is the March 6, 2006 Motion of Plaintiff Thomas L. Rackley, Jr.

(hereinafter "Plaintiff") to Remand (Doc. 7).

     Plaintiff originally filed this action in the Hamilton County Court of Common

Pleas.  On March 2, 2006, Defendants City of Cincinnati and City of Cincinnati Police

Department (hereinafter collectively "Defendants") filed a Notice of Removal (Doc. 1) in

this Court based on 28 U.S.C. §1441(b)[1]

     This Court may, *sua sponte*, review any matter on its docket based upon the

Court's inherent power and duty to insure the requirements for subject matter

jurisdiction are satisfied in all cases.  *See* 28 U.S.C. § 1447(c); *In re Prevot*, 59 F.3d

556, 565 (6th Cir.1995).  It is well-settled that defects in subject matter jurisdiction are

not waivable.  *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

     As stated above, Defendants removal is based upon 28 U.S.C. § 1441(b), which

provides that "[a]ny civil action of which the district courts have original jurisdiction

---

[1]The Court notes Defendants' Notice of Removal states removal is based upon 28 U.S.C. §1441.
Upon review, the Court concludes it is based upon subsection (b) of 1441.

Dockets.Justia.com

founded on a claim or right *arising under* the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." (emphasis added).  District courts have original jurisdiction over "actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). "[B]ecause the 'arising under' language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331." *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757-58 (6th Cir.2000).

Furthermore, pursuant to 28 U.S.C. §1441(b), a defendant must demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir.2000).  The burden of demonstrating that the district court has original jurisdiction rests with the removing party. *Id.; Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir.1989). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis,* 75 F.3d 860, 864-65 (3d Cir.1996);

A claim falls within this Court's original jurisdiction under  28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Constr.*

1-06cv104

2

*Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

"[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint.' "

*Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir.2003) (quoting *Caterpillar*

*Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "[T]he

party who brings a suit is master to decide what law he will rely upon." *The Fair v.*

*Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). Since

the plaintiff is the "master of his complaint," the fact that a claim could be stated under

federal law does not prevent him from stating it under state law only. *Alexander v.*

*Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir.1994).

  The "arising under" requirement for jurisdiction may be met in two ways.  The

first is causes of action which are created by federal law, that is, where federal law

provides a right to relief. *See American Well Works Co. v. Layne & Bowler Co.* 241 U.S.

257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (holding that "[a] suit arises under the law

that creates the cause of action"); *see also Merrell Dow Pharm., Inc. v. Thompson,*  478

U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (observing that the " 'vast

majority' of cases that come within [section 1331's] grant of jurisdiction are covered by

Justice Holmes' statement [in *American Well Works* ]"). The second is "certain cases [in

which] federal question jurisdiction will lie over state-law claims that implicate significant

federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. ----,

125 S.Ct. 2363, 2367, 162 L.Ed.2d 257, 264 (2005).

  The issue before the Court is whether this action is one of those "certain cases"

in which federal jurisdiction is appropriate. Because there is no " 'single, precise,

all-embracing' test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties," *id.* at 2368 (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (Stevens, J., concurring)), the answer requires us to examine the factors bearing on the substantiality of the federal question involved against the background of the federal-state division of responsibility for adjudicating disputes.

The United States Supreme Court in *Grable & Sons,* held "arising under" jurisdiction for state-law claims based on an interpretation of federal law can be found in §1331 only when there is "not only a contested federal issue, but a substantial one"; and "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of §1331." 545 U.S. ----, 125 S.Ct. at 2367, 162 L.Ed.2d at 264.  A "substantial" federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it "sensibly belongs in federal court." *Id.,* 125 S.Ct at 2368, 162 L.Ed.2d at 265.

Plaintiff contends he has not pled a federal cause of action.  Instead, he seeks injunctive relief based solely upon state law.  Upon review, the Court concludes Plaintiff's equitable claims do not raise a substantial federal question over which this court may exercise original or removal jurisdiction.  Accordingly, as this Court does not

have subject matter jurisdiction to adjudicate the claim, the Clerk of Court is hereby

**ORDERED** to remand the matter to the Hamilton County Court of Common Pleas.

Finally, Defendant shall pay the costs associated with this matter.

      **IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court